**FILED**

APR 11 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Mark Baker
1520 E. Covell Suite B5 - 467
Davis, CA 95616
mbaker@softlights.org
234-206-1977
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZIPLINE INTERNATIONAL, INC., YOLO LAND & CATTLE COMPANY, INC, YOLO COUNTY, AND DOES 1-20<br><br>　　　　Defendants. | Case No.: 2:25-cv-01063-DC-CKD<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: MAY 23, 2025<br>TIME: 10:00AM<br>COURTROOM: 24, 8TH FLOOR<br>JUDGE: HON. CAROLYN K. DELANEY<br><br>TRIAL DATE: NOT YET SET<br>COMPLAINT FILED: MARCH 11, 2025 |

TO DEFENDANTS ZIPLINE INTERNATIONAL, INC., YOLO LAND & CATTLE CO., A CALIFORNIA LIMITED PARTNERSHIP, YOLO COUNTY, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 23, 2025, at 10:00am, or as soon thereafter as this matter may be heard, in Courtroom 24 via Zoom, Plaintiff Mark Baker will move the court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to Yolo County Superior Court County on the grounds that:

Baker v. Zipline, et al. - 1

1  (1) Plaintiff's complaint does not raise a separate federal question that is necessary to
2  resolution of any of Plaintiff's claims;
3  (2) Defendant has not shown that removal is proper;
4  (3) The United States District Court Eastern District of California is already
5  overburdened;
6  (4) Removal from state Yolo County Superior Court to federal Eastern District of
7  California will pose an undue burden on Plaintiff.

Plaintiff's motion for remand is based on this notice of motion and motion and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### I. REMOVAL IS NOT PROPER

**A. The Unruh Civil Rights Act Wholly Encompasses the Americans with Disabilities Act**

The Unruh Civil Rights Act is codified in California Civil Code ("CCC") Sections 51 and 52. CCC § 51(f) states, "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff's complaint lists two causes of action. The first cause of action involves the federal Americans with Disabilities Act 42 U.S.C. §§ 1201 et seq. and the second cause of action involves the state California Unruh Civil

Baker v. Zipline, et al. - 2

Rights Act, California Civil Code . §§ 51-52. Both laws are discrimination laws, with the state law fully encompassing the federal law.

Plaintiff's Unruh claim and ADA claim "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding,"they form part of the 'same case or controversy' for purposes of § 1367(a)." [Arroyo v. Rosas citing Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)]. Because the Unruh Civil Rights Act includes the entirety of the Americans with Disabilities Act, there is no issue in Plaintiff's claim that is solely a federal issue. Every issue that could be raised in this case will automatically also be a state issue under Unruh.

28 U.S.C. §§ 1441 states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have **original** jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." [emphasis added]. The federal court has original jurisdiction over a standalone ADA claim, but not when the ADA claim is wholly encompassed by a state Unruh claim. In this claim, the state Unruh Civil Rights Act fully encompasses the federal ADA in its entirety. This is not a situation where the state claim and the federal claim are separate, and the federal court has original jurisdiction.

The Supreme Court and the Ninth Circuit are clear: "State courts resolve matters of federal law in similar circumstances with no difficulty" *Berg v. Leason*, 32 F.3d 422,

Baker v. Zipline, et al. - 3

1  426 (9th Cir. 1994), *citing Merrell Dow*, 478 U.S. at 808; *Caterpillar Inc. v. Williams*,
2  482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).
3  Therefore, removal of this case to federal court is improper.

### B. All Actions Involve a Single Location in Yolo County, California

This case involves a single location in Yolo County which is owned by Yolo Land & Cattle Company. The Plaintiff lives in Yolo County. The local government entity Yolo County is a defendant in this case. Zipline International has operations globally, but this claim involves only the single location in Yolo County. There is no justification for removing this case to federal court based on diversity. [28 U.S. Code § 1332]

### C. The Defendant Has the Burden of Demonstrating That Removal Is Proper

The Defendants have the burden of establishing that Plaintiff's action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *Ethridge v. Harbor House Restaurant*, 861 F.3d 1389, 1393 (9th Cir. 1988). This is a heavy burden because the removal statute is strictly construed, and any doubt is to be resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), the statute is strictly construed, *id.* at 108-09, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). [The defendant] . . . has the burden of

Baker v. Zipline, et al. - 4

1  establishing that removal was proper. *Harris v. Provident Life and Accident Ins. Co.*, 26
2  F.3d 930, 932 (9th Cir. 1994) (quotations and citations omitted).
3  In this claim, the Defendants have provided no justification for removal, and thus
4  the court must reject the removal and favor the remand.

## II. THE EASTERN DISTRICT OF CALIFORNIA IS OVERBURDENED

The Eastern District of California website states, "The judges of the Eastern District routinely carry one of the heaviest caseloads in the country. For the last decade the Judicial Conference has recommended adding up to six judges to the Eastern District bench. This continuing crisis, if left unaddressed, will soon result in serious and catastrophic consequences.."

The defendants Zipline International and Yolo Land & Cattle Company are represented by Seyfarth Shaw LLP which specializes in Americans with Disabilities Act Title III defense. Seyfarth's website states, "Seyfarth attorneys know the unique challenges of litigating in the most "plaintiff-friendly" jurisdictions in the country, and routinely use that knowledge to their clients' advantage.

Removing a case that is best heard in state court to an already overburdened federal court, for the sole purpose of gaining a supposed advantage for the defense does not further the interests of either the state or the federal government or the interests of justice.

## III. UNDUE BURDEN FOR PLAINTIFF

Plaintiff is a Pro Se litigant. Therefore, when deciding whether to file the discrimination lawsuit in state or federal court, Plaintiff chose Yolo County Superior Court because the courthouse is located close to Plaintiff's residence and because Plaintiff can file electronically.

Baker v. Zipline, et al. - 5

1  Plaintiff had previously applied for filing access via PACER for federal cases, but Plaintiff's
2  application was denied. Therefore, removal of the case to the United States District Court
3  Eastern District of California causes Plaintiff to have to make a multi-hour round trip drive to file
4  in person for every filing. This would be a significant burden for Plaintiff as a Pro Se litigant.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the court remand the case back to Yolo County Superior Court.

Dated: April 11, 2025

Respectfully Submitted,

By: /s/ Mark Baker
In Pro Per

Baker v. Zipline, et al. - 6

Mark Baker
1520 E. Covell Suite B5 - 467
Davis, CA 95616
mbaker@softlights.org
234-206-1977
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER, | Case No.: 2:25-cv-01063-DC-CKD |
| Plaintiff, | **DECLARATION OF MARK BAKER IN SUPPORT OF MOTION TO REMAND** |
| vs. | |
| ZIPLINE INTERNATIONAL, INC., YOLO LAND & CATTLE COMPANY, INC, YOLO COUNTY, AND DOES 1-20 | DATE: MAY 23, 2025<br>TIME: 10:00AM<br>COURTROOM: 24, 8TH FLOOR<br>JUDGE: HON. CAROLYN K. DELANEY |
| Defendants. | TRIAL DATE: NOT YET SET<br>COMPLAINT FILED: MARCH 11, 2025 |

I, Mark Baker, declare as follows:

1. I am a Pro Se Plaintiff and have personal knowledge of the facts stated in this declaration, except as to those facts stated on information and belief. As to facts stated on information and belief, I believe them to be true. I could and would testify to these facts if called upon to do so.

2. On March 5, 2025, I filed a complaint with Yolo County Superior Court titled *Mark Baker v. Zipline International Inc., et al*, Case No. CV2025-0686, listing defendants Zipline International, Inc., Yolo Land and Cattle Company, Inc., and Yolo County.

Baker v. Zipline, et al. - 1

1 | The complaint alleges violations of state discrimination law, the Unruh Civil Rights Act, and federal discrimination law, the Americans with Disabilities Act ("ADA").

3. I am a Pro Se litigant. Therefore, when I decided whether to file the Zipline discrimination lawsuit in state or federal court, I chose Yolo County Superior Court because the courthouse is located close to my residence and because I can file electronically. I had previously applied for filing access via PACER for cases with the Eastern District of California, but my application was denied. Therefore, with this case being removed from Yolo County Superior Court in Woodland, California to United States District Court Eastern District of California in Sacramento, California, I now need to make a multi-hour round trip drive to file in person for every filing that I make for this case. This will be a significant burden on time and expense for me.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed on this 11th day of April 2025.

*Mark Baker*
_____
Mark Baker

Baker v. Zipline, et al. - 2

Mark Baker
1520 E. Covell Suite B5 - 467
Davis, CA 95616
mbaker@softlights.org
234-206-1977
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>ZIPLINE INTERNATIONAL, INC., YOLO LAND & CATTLE COMPANY, INC, YOLO COUNTY, AND DOES 1-20<br><br>Defendants. | Case No.: 2:25-cv-01063-DC-CKD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>DATE: MAY 23, 2025<br>TIME: 10:00AM<br>COURTROOM: 24, 8TH FLOOR<br>JUDGE: HON. CAROLYN K. DELANEY<br><br>TRIAL DATE: NOT YET SET<br>COMPLAINT FILED: MARCH 11, 2025 |

**[PROPOSED] ORDER**

Having reviewed and considered the Motion and the pleadings in support thereof, and finding good cause therefor, the Court rules as follows:

**IT IS HEREBY ORDERED:**

1. The motion is **GRANTED**;

2. This action is hereby remanded to Yolo County Superior Court

Date: _____

Baker v. Zipline, et al. - 1

/s/ _____

Hon. Carolyn K. Delaney

Baker v. Zipline, et al. - 2