1  **SEYFARTH SHAW LLP**
   Kristina M. Launey (SBN 221335)
2  klauney@seyfarth.com
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
4  Facsimile:    (916) 288-6334

5  M. Ryan Pinkston (SBN 310971)
   rpinkston@seyfarth.com
6  560 Mission Street, Suite 3100
   San Francisco, California 94105
7  Telephone:    (415) 397-2823
   Facsimile:    (415) 397-8549
8
   Ashley N. Arnett (SBN 305162)
9  aarnett@seyfarth.com
   601 South Figueroa Street, Suite 3300
10 Los Angeles, California 90017-5793
   Telephone:    (213) 270-9600
11 Facsimile:    (213) 270-9601

12 Attorneys for Defendants Zipline International Inc. and Yolo
   Land and Cattle Company, a California Limited Partnership
13
   **OFFICE OF THE COUNTY COUNSEL**
14 Philip J. Pogledich, County Counsel (SBN 197110)
   Eric May, Senior Deputy County Counsel (SBN 245770)
15 eric.may@yolocounty.gov
   625 Court Street, Suite 201
16 Woodland, California 95695
   Telephone:    (530) 666-8278
17 Facsimile:    (530) 666-8279

18 Attorneys for Defendant County of Yolo

19                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF CALIFORNIA
20

| | |
|---|---|
| 21  MARK BAKER, | Case No. 2:25-CV-01063-DC-CKD |
| 22              Plaintiff, | Honorable Carolyn K. Delaney |
| 23       v. | **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| 24  ZIPLINE INTERNATIONAL INC., YOLO LAND & CATTLE CO., YOLO COUNTY, AND DOES 1-2, | Date:    May 21, 2025<br>Time:    10:00 a.m.<br>Ctrm.:   24, 8th Floor |
| 25              Defendants. | |
| 26 | Complaint Filed: March 11, 2025<br>Trial: None Set |
| 27 | |
| 28 | |

1  Defendants Zipline International Inc. ("Zipline"), Yolo Land and Cattle Company ("Yolo
2  Land"), and County of Yolo ("Yolo County") (collectively, "Defendants") submit this joint opposition
3  to the Notice of Motion and Motion to Remand; Memorandum of Points and Authorities in Support
4  Thereof (Dkt. No. 14) ("Motion") filed by Plaintiff Mark Baker ("Plaintiff") and state as follows:

5  On April 9, 2025, Defendants filed their Notice of Removal of Civil Action to United States
6  District Court (Dkt. No. 1) ("Removal Notice"), supported by, among other things, the accompanying
7  Declaration of Kristina Launey (Dkt. No. 2) ("Launey Decl.") and Declaration of Eric May (Dkt. No. 3)
8  ("May Decl.").  In his motion, Plaintiff asks that this action be remanded pursuant to 28 U.S.C.
9  § 1447(c) and objects to removal of this action from the Superior Court for the County of Yolo (the
10 "State Court") to this Court on several grounds: (1) Plaintiff's Complaint does not raise a federal
11 question; (2) removal based on diversity jurisdiction is improper; (3) Defendants have not shown that
12 removal is proper; (4) this Court is overburdened; and (5) removal to this Court will impose an undue
13 burden on Plaintiff.  (*See* Motion, at 2:1-7, 4:9-10.)  None of Plaintiff's grounds has merit, removal is
14 proper, and Plaintiff's Motion should be denied.

15 *First*, "[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded
16 complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented
17 on the face of the plaintiff's properly pleaded complaint." *Cal. v. U.S.*, 215 F.3d 1005, 1014 (9th Cir.
18 2000).  In objecting to removal, Plaintiff ignores this well-settled rule and asks the Court to disregard
19 entirely the face of his Complaint, in which Plaintiff expressly asserts two claims under the ADA and
20 seeks relief under federal law.  *See* Launey Decl, at Ex. A (Complaint, at ¶ 7 (court has jurisdiction
21 under 28 U.S.C. § 1331, 42 U.S.C. § 12133; court may grant declaratory and other relief pursuant to 28
22 U.S.C. §§ 2201, 2202, 42 U.S.C. § 12133)), ¶¶ 26-32 (alleging failure to comply with obligations under
23 ADA), ¶¶ 36-52 (alleging two causes of action and seeking relief under ADA), ¶ 56 (requesting
24 declarations of violations of ADA and federal regulations)).  Indeed, in his Motion, Plaintiff concedes
25 that his "first cause of action involves the federal Americans with Disabilities Act[,] 42 U.S.C. §§ 1201
26 et seq. [the 'ADA']." *See* Motion, at 2:21-22.  This concession is more than sufficient to support
27 removal.
28

      To be clear, Plaintiff's claims under the ADA present federal questions. *See, e.g.*, *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (assertion of claim under ADA raises federal question); *Johnson v. Sammy's Rest., Inc.*, No. 15-cv-147, 2023 U.S. Dist. LEXIS 195260, at *4 (E.D. Cal. Oct. 31, 2023) (ADA claim raises federal question); *Perket v. Keck*, No. 21-cv-00251, 2021 U.S. Dist. LEXIS 177396, at *10 (D. Ore. Aug. 3, 2021) (same).  As this Court knows, this Court has original jurisdiction over actions arising under the laws of the United States.  *See* 28 U.S.C. § 1331.  Also, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Thus, removal of this action to this Court is unquestionably proper.  To the extent Plaintiff's argument is challenging the Court's jurisdiction over Plaintiff's claims under the California Unruh Civil Rights Act, removal is likewise appropriate given the factual overlap of all Plaintiff's claims.  *See* 28 U.S.C. § 1367(a) (where original jurisdiction exists, district court has supplemental jurisdiction of claims that form part of same case or controversy); (Motion, at 3:3-6 (Plaintiff conceding claims arise from common nucleus of operative fact and form part of same case or controversy)).

      Plaintiff asserts in his Motion that although this Court "has original jurisdiction over a standalone ADA claim," the Court does "not when the ADA claim is wholly encompassed by a state Unruh claim." (Motion, at 2:16-17.)  Tellingly, Plaintiff cites no authority for this proposition.  Although it is true that "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal is an element of the state law claim," *Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002), here, Plaintiff brings two claims premised exclusively upon the ADA, a federal law, and this action does not involve solely a claim under state law.  As such, Plaintiff's first argument in favor of remand lacks merit.

      *Second*, Plaintiff points out that the conduct alleged in his Complaint occurred in Yolo County, and that, as a result, diversity jurisdiction is lacking.  *See* Motion, at 4:5-10.  Setting aside Plaintiff's misunderstanding of the requirements for diversity jurisdiction, which is not based on the location of the conduct giving rise to a particular claim, Plaintiff's argument is inapposite because removal of this action is premised on the Court's federal-question jurisdiction, not upon the existence of diversity jurisdiction in the first instance.  This argument likewise fails.

*Third*, Plaintiff recites that Defendants bear the burden to demonstrate that removal is proper. Plaintiff is right in this boilerplate recitation of the appropriate legal standard, but he is wrong that Defendants have not carried their burden. In the Removal Notice, Defendants explain that Plaintiff alleges "claims against Defendants alleging violations of Title II and Title III of the [ADA]—42 U.S.C. § 12131 *et seq.* and 42 U.S.C. § 12181 *et seq.*" and that as a result of Plaintiff's claims under the ADA, "the Action presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331." *See* Removal Notice, at ¶¶ 2, 8. Plaintiff does not contest that he alleges two claims under the ADA—his first cause of action against Yolo County for alleged violations of Title II of the ADA and his second cause of action against Zipline and Yolo Land for alleged violations of Title III of the ADA—such that on the face of Plaintiff's Complaint, federal questions arising under federal law are presented. Plaintiff's argument regarding burden must be rejected.

*Finally*, Plaintiff's final two arguments—that remand is proper because this Court is overburdened and that litigation before this Court would impose an "undue burden" on Plaintiff—are irrelevant. Whether either is true or not (and Plaintiff fails to submit admissible evidence to establish either of these two points), a district court's workload and prejudice or inconvenience to a litigant are not pertinent considerations under 28 U.S.C. § 1447(c). *See, e.g*, *Thermotron Prods. v. Hermansdorfer*, 423 U.S. 336, 344 (1976) ("District Court's heavy docket . . . is plainly irrelevant" to whether removal proper), *superseded by statute on other grounds as stated in Demartini v. Demartini*, 964 F.3d 813, 819 (9th Cir. 2020) (considering appellate jurisdiction to review remand orders); *Adams v. Attorney Registration & Disciplinary Comm. of Supreme Court of Illinois*, 600 F. Supp. 390, 393 (N.D. Ill. 1984) ("Discretionary reasons for remand not authorized by the statute are not a proper basis for remand."); *Begley v. Maho Bay Camps*, 850 F. Supp. 172, 175 (E.D.N.Y. 1994) (remand only made on basis of defect in removal procedure or lack of subject matter jurisdiction, as "calendar congestion is not a valid reason for a remand"); *Powell v. Carnival Cruise Lines*, No. CV-F-05-1238, 2005 U.S. Dist. LEXIS 29982, at *5 (E.D. Cal. Nov. 17, 2005) ("Section 1447(c) does not make inconvenience for a party a ground for remand."). Here, Plaintiff elected to bring this action and to assert claims under federal law, and his arguments that this Court is overburdened or that litigating before this Court is less convenient for Plaintiff have no bearing on Defendants' right to remove the action to federal court or the

4

adjudication of his Motion. Removal is proper, and Plaintiff fails to establish any proper basis for remand.

Accordingly, Plaintiff's Motion must be denied.

DATED: April 25, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Ashley Arnett

Kristina M. Launey
M. Ryan Pinkston
Ashley N. Arnett

Attorneys for Defendants Zipline International, Inc. and Yolo Land & Cattle Co.

DATED: April 25, 2025

PHILIP J. POGLEDICH
COUNTY COUNSEL

By: */s/ Eric May* (as authorized on 4/23/25)
Eric May

Attorneys for Defendant County of Yolo